UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5118 RSM

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits, and requests remand for further proceedings. Plaintiff contends the ALJ erred in addressing two medical opinions. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 46 years old, has a high school education, and has worked as a pawnbroker, supervisor, laborer, cook, sales attendant, hotel clerk, and night auditor. Dkt. 7, Admin. Record (AR) 25. Plaintiff applied for benefits in May 2015, alleging disability as of September 1, 2014. AR 109. Plaintiff's applications were denied initially and on

reconsideration. AR 107, 108, 133, 134. After the ALJ conducted a hearing in July 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 33, 13-27.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the September 2014 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: obesity, lumbar spine disease, thyroid disease, sleep apnea, major depressive disorder, and anxiety disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, further limited to frequently climbing ramps and stairs and occasionally climbing ladders, ropes, and scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to hazards. He can have no public contact and only occasional contact with coworkers.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 16-27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A treating doctor's opinions are generally accorded more weight than other medical sources' opinions, which are in turn accorded more weight than the opinions of a non-medical lay witness on a medical issue. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); 20 C.F.R. §§ 404.1527(f), 416.927(f). An ALJ may reject a lay witness' opinions for reasons that are merely "germane," while an ALJ cannot reject a treating doctor's opinions without at least "specific and legitimate" reasons and in some situations must give the treating doctor's opinions "controlling weight." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

**A.     Fairyal Kassam, M.D.**

In January 2015 and in October 2015, Plaintiff's treating physician, Dr. Kassam, filled out a Documentation Request Form for Medical or Disability Condition, opining that Plaintiff was limited to sedentary work and unable to stand for more than 30 minutes at a time.[3] AR 395-96, 680-81. Plaintiff contends, and the Commissioner concedes, that the ALJ erroneously believed the forms were filled out by a non-medical lay witness. Dkt. 9 at 9; Dkt. 10 at 5.

Plaintiff contends the error was harmful because the ALJ failed to consider Dr. Kassam's treating relationship, as required under 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Dkt. 9 at 9. Failure to consider appropriate factors "alone constitutes reversible legal error." *Trevizo*, 871 F.3d at 676 (citing 20 C.F.R. § 404.1527(c)(2)). The Commissioner points out that the ALJ

---

[3] Dr. Kassam also opined mental limitations, but Plaintiff does not challenge the ALJ's handling of them.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

stated that she "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927." AR 19; Dkt. 10 at 7. However, the ALJ could not have properly considered the treatment relationship, as required, because the ALJ erroneously believed the opinion was not from a treating physician.

The Commissioner argues that this case is distinguishable from *Trevizo* because the ALJ's reasons for rejecting Dr. Kassam's opinions would meet the "specific and legitimate" standard for rejecting a treating doctor's contradicted opinion. Dkt. 10 at 5, 7.[4] But in *Trevizo*, the court held that the ALJ's failure to provide specific and legitimate reasons was a separate, independent basis for reversal. 871 F.3d at 676-77. The court stated clearly that "failing to apply the appropriate factors … *alone* constitutes reversible legal error." *Id*. at 676 (emphasis added). And in *Trevizo* the ALJ was aware the opinion was from a treating doctor and even considered whether the opinion should be given dispositive weight, while here the ALJ did not even realize that the opinion was from any medical source at all, much less a treating physician. *Id*. All the ALJ said about Dr. Kassam's opinions was that Plaintiff's "musculoskeletal examinations, revealing a full range of motion in all joints and normal muscle strength, support his ability to perform a reduced range of light work." AR 23. This does not reflect the consideration required for a treating doctor's opinions, which were based on treatment notes reflecting several months of experience treating Plaintiff.

The Court concludes the ALJ erred in analyzing Dr. Kassam's opinions. The error is harmful because the ALJ did not include Dr. Kassam's opined limitations in the hypothetical

---

[4] The Commissioner also offers several *post hoc* reasons on which the Court cannot rely. Dkt. 10 at 6. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

given to the vocational expert, and thus may have relied at step five on jobs Plaintiff cannot perform. *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

**B.	John D. Gilbert, Ph.D.**

Non-examining state agency psychologist Dr. Gilbert opined that Plaintiff was "[m]oderately limited" in the ability to interact appropriately with the general public and the ability to accept instructions and respond appropriately to criticism from supervisors. AR 117-18. Dr. Gilbert further explained that Plaintiff was "able to maintain brief and superficial contact with others in the workplace." AR 118.

The ALJ gave "great weight" to Dr. Gilbert's opinions. AR 23. Plaintiff contends, however, that the ALJ failed to incorporate into the RFC the limitation to brief and superficial contact with others. Dkt. 9 at 4. Dr. Gilbert did not clarify whether "others in the workplace" referred to the public, supervisors, or both.[5] In formulating the RFC, the ALJ foreclosed public contact but did not limit contact with supervisors at all. *See* AR 19. Even if the "others" Dr. Gilbert referred to only meant the public, the restriction demonstrates what he meant by a "moderate" limitation. Dr. Gilbert translated a moderate limitation on public interactions into a severe restriction to only brief and superficial contact. The ALJ went even further, banning public contact. Yet the ALJ gave no explanation for failing to translate Dr. Gilbert's moderate limitation in supervisor interactions into any restriction at all. Failure to either incorporate the limitation or provide reasons to reject it was error. *See Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion…, he errs."). On remand, the ALJ should reconsider how to fully incorporate Dr. Gilbert's opinions into the RFC.

---

[5] Dr. Gilbert opined that Plaintiff was "[n]ot significantly limited" in the ability to get along with coworkers or peers, which indicates that the restriction did not apply to coworkers. AR 118.

# CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Kassam's opinions and reconsider Dr. Gilbert's opinions, reassess the RFC as needed, and proceed to step five as necessary.

DATED this 24 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE